## FOR PUBLICATION



**FILED**
Sep 18 2014, 8:35 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIANE M. HOUSE**
House Reynolds & Faust, LLP
Carmel, Indiana

ATTORNEY FOR APPELLEE:

**CHRISTOPHER M. MANHART**
Bowman Heintz Boscia & Vician, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHERYL WELTON,                                     )
                                                   )
    Appellant-Defendant,                           )
                                                   )
          vs.                                    )    No. 49A05-1309-PL-479
                                                   )
MIDLAND FUNDING, LLC AS ASSIGNEE OF                )
CHASE BANK USA, NA AS ISSUER OF                     )
DISNEY CONSUMER CREDIT CARD,                        )
                                                   )
    Appellee-Plaintiff.                            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1201-PL-563

**September 18, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Cheryl Welton appeals the denial of her Indiana Trial Rule 60(B) motion for relief from judgment granted to Midland Funding LLC ("Midland"). We affirm.

## Issue

Welton raises four issues, which we consolidate and restate as whether the trial court properly denied her motion for relief from judgment.

## Facts

Welton had a credit card issued by Chase Bank, USA, N.A., with an unpaid balance of $4,518.95. The account was assigned to Midland. On December 7, 2011, Midland filed a small claims action in Marion County to collect the debt, and the matter was then transferred to the trial court. A complaint was filed on January 17, 2012, and Welton failed to respond. Default judgment was entered against Welton on March 15, 2012. On March 23, 2012, Welton filed a Trial Rule 60(B) motion for relief from judgment in which she alleged that she had not received a copy of the complaint and that the obligation was satisfied in 2010 in a compromised amount. On August 27, 2012, the trial court granted Welton's motion for relief from judgment. Welton then filed an answer to Midland's complaint.

On September 14, 2012, Midland filed a motion for summary judgment. On October 1, 2012, Welton sought an extension of time to respond while discovery progressed and was given until December 14, 2012. On December 13, 2012, Welton sought another extension of time, specifically requesting that she have until January 14, 2013, to respond, and the trial court granted her request. Welton did not respond by

2

January 14, 2013, and on January 22, 2013, the trial court granted Midland's motion for summary judgment.

On January 30, 2013, Welton filed a second motion for relief from judgment under Trial Rule 60(B)(1). The motion referenced the meritorious defense that the claim had been paid and explained that Welton's attorney had been in the process of forming a new law firm and that, "[t]hrough mistake and neglect, and due in some part to the new systems and procedures of [the new firm] which were still being implemented, the response date in this matter was miss-calendared [sic] for a date after the 14th, which appears to have been January 25th." Appellant's App. p. 70. After a hearing, the trial court denied Welton's second motion for relief from judgment. Welton filed a motion to correct error, which the trial court also denied. She now appeals.

**Analysis**

Welton claims that the trial court erroneously denied her second motion for relief form judgment, which was based solely on Indiana Trial Rule 60(B)(1). This rule allows a trial court to relieve a party from a judgment for "mistake, surprise, or excusable neglect" and requires the movant to allege a meritorious claim or defense. Ind. Trial Rule 60(B)(1). The meritorious defense element requires a showing "'that vacating the judgment will not be an empty exercise.'" Outback Steakhouse of Florida, Inc. v. Markley, 856 N.E.2d 65, 73 (Ind. 2006) (citation omitted). "The burden is on the movant for relief from judgment to demonstrate that the relief is both necessary and just." DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc., 965 N.E.2d 693, 696 (Ind. Ct. App. 2012), trans. denied.

Our review of a trial court's grant or denial of a motion for relief from judgment is limited to determining whether the trial court abused its discretion. Id. "A trial court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances before the court." Id.

Welton contends she demonstrated mistake, surprise, or excusable neglect by explaining that the failure to respond to the motion for summary judgment was the result of a calendaring error attributable to her attorney while he was establishing a new firm. She also claims her first motion for relief for judgment demonstrated her meritorious defense—that she paid the debt in 2010. Welton asserts that, by filing the motion for relief from judgment, she simply was seeking "the opportunity to respond to Midland's summary judgment motion where the failure to do so resulted from mistake and excusable neglect." Appellant's Br. p. 13.

Although we appreciate Welton's predicament, we cannot say that the trial court abused its discretion in denying the motion for relief for from judgment. Generally, an adverse party has thirty days after the service of a motion for summary judgment to respond and file any opposing affidavits. T.R. 56(C). However, "For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit." T.R. 56(I) (emphasis added). There is a "bright-line rule . . . which precludes the late filing of responses in opposition to a motion for summary judgment." Mitchell v. 10th & The Bypass, LLC, 3 N.E.3d 967, 972 (Ind. 2014). The Mitchell court explained, "Now firmly entrenched as an article of faith in Indiana law,

this bright-line rule provides clarity and certainty to an area of the law that for too long lacked both." Id.

Our supreme court resolved the unsettled issue of whether a trial court has the discretion to consider untimely designated evidence when it cited with approval Desai v. Croy, 805 N.E.2d 844, 848-49 (Ind. Ct. App. 2004), trans. denied, for the proposition that:

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period.

Borsuk v. Town of St. John, 820 N.E.2d 118, 123 n.5 (Ind. 2005). In HomEq Servicing Corp. v. Baker, 883 N.E.2d 95, 99 (Ind. 2008), our supreme court again addressed this issue and concluded that the trial court did not err in refusing to consider a late-filed affidavit given "the express provisions of Rule 56, and the well-developed case law interpreting and applying it . . . ."[1]

Welton acknowledges this rule but points out that this is not a case in which she failed to take any action within the thirty-day time limit of Trial Rule 56. She argues that, because she twice moved for and was granted extensions of time, the trial court's

---

[1] Welton relies on the dissenting opinion in Desai, which stated, "we should not interpret our trial rules so as to encourage trial courts to essentially enter default judgments against litigants who are able to show cause for their failure to respond within thirty days." Desai, 805 N.E.2d at 851 (Baker, J., dissenting). Our supreme court clearly rejected this position when it cited the Desai majority opinion with approval in Borsuk. See Baker, 883 N.E.2d at 98 ("Any residual uncertainty was resolved in 2005 when we cited Desai with approval . . . .").

discretion to consider a belated response to Midland's motion for summary judgment was preserved.

We are not convinced that our supreme court would favor such a rule. In Mitchell, our supreme court reconciled the thirty-day time limit of Trial Rule 56(C) and the language of Trial Rule 54(B), which explains that non-final judgments are "subject to revision at any time." To harmonize the Rules, the Mitchell court held, "that although a trial court may indeed make material modifications to a non-final summary judgment order, it must do so based on the timely submitted materials already before the court when the order was initially entered." Mitchell, 3 N.E.3d at 973. "To hold otherwise would allow a party to avoid the strict timelines for designating evidence under Rule 56 and would resurrect the uncertainty the Desai line of cases sought to eliminate." Id.

We believe that the plain language of Trial Rule 56(I) allows a trial court to alter a time limit if a motion for extension of time is timely filed. It does not vest a trial court with the discretion to allow a party to file an untimely response simply because he or she had previously filed a timely motion for extension of time. To hold otherwise, would create the very uncertainty our supreme court sought to avoid in Mitchell.

Even if Welton's motion for relief from judgment had been granted, Welton would not have been permitted to belatedly respond or designate evidence in opposition to Midland's motion for summary judgment. Without a response, it is hard to imagine how the outcome of the summary judgment proceedings would have been different. Because vacating the judgment would have been an empty exercise, Welton has not shown she has a meritorious defense to Midland's motion for summary judgment. Taking this with the

6

fact that the trial court had already granted Welton relief from judgment once and the fact that Welton specifically asked for and was granted an extension until January 14, 2013, but still did not file a response, leads us to conclude that the trial court did not abuse its discretion in denying her second motion for relief from judgment.

Welton also challenges the merits of the trial court's grant of summary judgment in favor of Midland and asks us to review the grant of summary judgment de novo.[2] She relies on Indiana Trial Rule 1, which provides that the Trial Rules "shall be construed to secure the just, speedy and inexpensive determination of every action." Welton contends that, although she could have appealed the entry of summary judgment, she chose the less expensive and more efficient route of filing a motion for relief from judgment.

Even with the dictates of Trial Rule 1 in mind, the Indiana Appellate Rules govern the procedure for appeals. To perfect an appeal of the trial court's entry of summary judgment, a final judgment, Welton was required to file a Notice of Appeal within thirty days of the entry of judgment or to file a timely motion to correct error. See Ind. Appellate Rule 9(A)(1). Welton did not do this. If a notice of appeal is not timely filed, "the right to appeal shall be forfeited . . . ." App. R. 9(A)(5); see In re Paternity of P.S.S., 934 N.E.2d 737, 741 (Ind. 2010) (declining to entertain an untimely appeal where appellant challenged the merits of an order of dismissal as opposed to arguing how the

---

[2] On appeal, Welton asserts that the trial court abused its discretion in denying the motion for relief from judgment because Midland did not make a prima facie showing that it was entitled to summary judgment. Welton did not make this particular argument to the trial court in support of her motion for relief from judgment, and it is waived. See JK Harris & Co., LLC v. Sandlin, 942 N.E.2d 875, 882 (Ind. Ct. App. 2011) (holding that the failure to raise arguments to the trial court results in waiver). Regardless, a Trial Rule 60(B) motion is not a substitute for direct appeal and is not intended to address the legal merits of a judgment. See In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind. 2010).

trial court abused its discretion in denying his Trial Rule 60(B) motion). The merits of the grant of the summary judgment are not properly before us.

**Conclusion**

Welton has not shown that the trial court abused its discretion in denying her motion for relief from judgment. Welton's challenge to the underlying grant of summary judgment for Midland is not available for our consideration. We affirm.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.