FILED

Oct 11 2016, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Patrick R. Hess
Brian C. Heck
Fort Wayne, Indiana

Robert W. Eherenman
Andrew L. Teel
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Cathleen M. Shrader
Michael H. Michmerhuizen
Fort Wayne, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Allen County Plan Commission, et al.<br><br>*Appellants-Respondents,*<br><br>v.<br><br>Olde Canal Place Association, et al.<br><br>*Appellees-Petitioners.* | October 11, 2016<br><br>Court of Appeals Case No.<br>02A03-1412-PL-441<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Stanley A. Levine, Judge<br><br>Trial Court Cause No.<br>02D03-1408-PL-300 |

**Altice, Judge.**

## Case Summary

[1]     MRK II, LLC and Max R. Kendall (collectively, MRK) and the Allen County

Plan Commission (the Commission) appeal from the trial court's order granting

Olde Canal Place Association and its members[1] (collectively, OCPA) relief from judgment under Ind. Trial Rule 60(B)(1). On appeal, MRK and the Commission argue that the trial court abused its discretion in granting relief because OCPA cannot establish a meritorious claim as required by T.R. 60(B)(1).

We reverse and remand with instructions.

## Facts & Procedural History

On June 4, 2014, MRK filed a petition to rezone a parcel of property located in Allen County from C2/Limited to Commercial to R3/Multiple Family Residential. At the same time, MRK also filed an application for approval of a primary development plan for the construction of a multi-family residential complex on the property. In conjunction with the development plan, MRK requested waivers of three applicable design and development standards, including the maximum height standard for primary buildings in an R3 district. The Commission held a public hearing on MRK's applications on July 10, 2014, at which OCPA appeared in opposition. On July 17, 2014, the Commission approved MRK's applications.

---

[1] These members comprise Physicians Health Plan of Northern Indiana, Inc., Thunderbolt Development, LLC, Indiana Wesleyan University (Marion College), Summit Hotel Properties, LLC, BSA Properties, LLC, and Anthony Wayne Area Council, Inc.

[4] On August 18, 2014, OCPA filed a petition for judicial review challenging the Commission's decision. On September 16, 2014, OCPA filed a motion for extension of time to file the record of the proceedings before the Commission (the Record). The same day, the trial court granted the motion and extended the filing deadline to November 17, 2014. The November 17 deadline passed without OCPA filing the Record or requesting another extension of time.

[5] On November 21, 2014, MRK filed a motion to dismiss due to OCPA's failure to timely file the Record. OCPA filed the Record on November 25, 2014, and MRK responded by filing a motion to strike. On December 8, 2014, OCPA filed their response to MRK's motion to dismiss, which also contained an alternative motion to set aside any prospective dismissal pursuant to T.R. 60(B)(1). At the same time, OCPA filed the affidavit of Robert Westfall, one of its attorneys. In the affidavit, Attorney Westfall explained that he "mistakenly thought that because the . . . Commission would be preparing the Record internally, it would also file same with the court."[2] *Appellant's Appendix* at 89.

[6] On December 11, 2014, the trial court held a hearing on MRK's motion to dismiss. At the hearing, counsel for OCPA conceded that under existing case

---

[2] Because the Commission and MRK do not challenge the trial court's finding that the failure to timely file the Record was the result of mistake, surprise, or excusable neglect, we need not detail the communications between the attorneys that contributed to Attorney Westfall's misunderstanding. For our purposes, it suffices to note that OCPA does not suggest that counsel for the Commission acted in bad faith or intentionally misled Attorney Westfall in any way. *See Appellant's Appendix* at 15, n.2 (explaining that OCPA "does not mean to suggest that counsel for the . . . Commission, a respected member of the Bar, did anything wrong or untoward").

law, the trial court was required to dismiss the petition for judicial review due to the failure to timely file the Record, which the trial court did. After the dismissal, however, OCPA asked the trial court to set aside the dismissal under T.R. 60(B)(1). Specifically, OCPA argued that the failure to timely file the agency record was the result of mistake, and that OCPA had a meritorious claim because it believed the Commission's decision was arbitrary, capricious, and not supported by substantial evidence. MRK opposed the request, arguing that even if the dismissal was set aside, the case would have to be dismissed again because the trial court cannot accept a belatedly filed Record. Nevertheless, the trial court granted the motion to set aside the dismissal, and MRK renewed its motion to strike the Record. The trial court directed MRK to file an amended motion to strike within a week of the hearing. Instead of doing so, MRK filed its notice of appeal four days later.[3] This appeal ensued.

### Discussion & Decision

[7] In their joint brief, MRK and the Commission argue that the trial court abused its discretion by granting OCPA's T.R. 60(B) motion for relief from judgment. T.R. 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment. *Laflamme v. Goodwin*, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009). "A motion made under T.R. 60(B) is addressed to the equitable

---

[3] We are unpersuaded by OCPA's argument that this appeal is somehow premature because MRK did not file an amended motion to strike the Record as directed by the trial court. T.R. 60(C) provides that rulings granting or denying relief under T.R. 60(B) are final and appealable. Accordingly, this appeal is properly before us.

discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Breneman v. Slusher*, 768 N.E.2d 451, 461 (Ind. Ct. App. 2002), *trans. denied*. The movant bears the burden of establishing grounds for relief under T.R. 60(B). *Brimhall*, 864 N.E.2d at 1153.

[8] The trial court granted OCPA's motion for relief from judgment pursuant to T.R. 60(B)(1), which provides that a trial court may relieve a party from a judgment where the party establishes "mistake, surprise, or excusable neglect[,]" provided that the party files its motion within one year of the entry of judgment and alleges a meritorious claim or defense. *Huntington Nat. Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). To establish a meritorious claim or defense, a movant must show "that vacating the judgment will not be an empty exercise." *Welton v. Midland Funding, LLC*, 17 N.E.3d 353, 355 (Ind. Ct. App. 2014) (quoting *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006)).

[9] OCPA's motion for relief from judgment was filed well within the one-year timeframe applicable to T.R. 60(B)(1) motions, and MRK and the Commission do not challenge the trial court's finding that the failure to timely file the Record

was the result of mistake, surprise, or excusable neglect.[4]  Instead, they argue that OCPA is unable to establish a meritorious claim because it cannot belatedly file the Record, and under the bright-line rule set forth in *First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757 (Ind. 2014), *amended on reh'g*, 27 N.E.3d 768, and *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014) [hereinafter *TOPS*], the absence of the Record automatically results in the dismissal of OCPA's petition for judicial review.[5]  Thus, according to MRK and the Commission, vacating the the dismissal of OCPA's petition was an empty exercise because OCPA cannot cure the deficiency that resulted in that dismissal.  We agree.

[10]  Indiana Code sections 37-7-4-1600 through -1616, known as the 1600 Series, "establishes the exclusive means for judicial review of zoning decisions[.]"  Ind. Code § 36-7-4-1601(a).  The provision of the 1600 Series relevant to the case before us provides that "[w]ithin thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of

---

[4] In their appellants' brief, MRK and the Commission expressly state that they "are not challenging whether the untimely Record was the result of mistake, surprise, or excusable neglect."  *Appellant's Brief* at 12.  In their reply brief, however, they argue that OCPA's mistake was one of law, not fact, rendering T.R. 60(B)(1) inapplicable.  We confine our analysis to whether OCPA established a meritorious claim as required by T.R. 60(B)(1).

[5] MRK and the Commission also argue that the bright-line rule set forth in *Robertson* and *TOPS* renders T.R. 60(B)(1) inapplicable in cases where a petitioner for judicial review of an administrative decision fails to timely file the record of the administrative proceedings, and that the trial court therefore abused its discretion by even considering OCPA's motion for relief from judgment.  We do not address this argument because even assuming *arguendo* that T.R. 60(B)(1) is applicable, we conclude that a party who fails to timely file the record cannot establish a meritorious claim.

the zoning decision[.]" I.C. § 36-7-4-1613(a). This section further provides that "[f]ailure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." I.C. § 36-7-4-1613(b).

In *Robertson* and *TOPS*, our Supreme Court interpreted identical language appearing in the Administrative Orders and Procedures Act (AOPA)[6] and set forth a bright-line rule. Specifically, the Court held that the statutory language makes dismissal mandatory when the agency record is not timely filed. *TOPS*, 20 N.E.3d at 155 (holding that "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed"); *Robertson*, 19 N.E.3d at 762-63 (same). Additionally, in *TOPS*, the Court reaffirmed its prior holding that "the relevant provisions of AOPA do not permit untimely filing of the agency record or *nunc pro tunc* extensions of the filing deadline." *TOPS*, 20 N.E.3d at 153 (quoting *Ind. Family & Social Servs. Admin. v. Meyer*, 927 N.E.2d 367, 372 (Ind. 2010)).

---

[6] This court has observed that "[w]hen the General Assembly amended the Zoning Enabling Act in 2011, it brought the judicial review concepts from the [AOPA] into the zoning arena." *Dunmoyer v. Wells Cnty., Ind. Area Plan Comm'n*, 32 N.E.3d 785, 786 n.9 (Ind. Ct. App. 2015). Accordingly, the judicial review provisions applicable to zoning decisions "are interpreted in the same manner as the relevant provisions of the AOPA and rely on case law established under the AOPA." *Id.* The parties agree that the rules set forth in *TOPS* and *Robertson* apply with equal force in zoning matters. *See Town of Pittsboro Advisory Plan Comm'n v. Ark Park, LLC*, 26 N.E.3d 110, 117-19 (Ind. Ct. App. 2015) (relying on *TOPS* and *Robertson* to conclude that a petitioner who failed to timely file the board record was not entitled to judicial review of a zoning decision).

[12]     The parties all agree that the trial court was required to dismiss OCPA's petition for judicial review under the bright-line rule set forth in *TOPS* and *Robertson*. OCPA, however, asserts that the dismissal was properly set aside pursuant to T.R. 60(B)(1), while MRK and the Commission argue that such relief was improper because OCPA cannot establish a meritorious claim. In support of their argument that setting aside that dismissal was an empty exercise, MRK and the Commission direct our attention to *Welton*, which involved the collection of an unpaid credit card debt. 17 N.E.3d at 354. In that case, summary judgment was granted in the creditor's favor after Welton failed to file a response. Shortly thereafter, Welton filed a T.R. 60(B)(1) motion for relief from judgment, arguing that the failure to file a timely response was due to excusable neglect because her attorney had incorrectly calendared the response date. As for a meritorious defense, Welton asserted that the underlying debt had already been paid. The trial court denied Welton's motion, and this court affirmed. In reaching its conclusion, this court recognized that a "bright-line rule" precludes the late filing of responses in opposition to a motion for summary judgment. *Id.* at 355. Accordingly,

> [e]ven if Welton's motion for relief from judgment had been granted, Welton would not have been permitted to belatedly respond or designate evidence in opposition to Midland's motion for summary judgment. Without a response, it is hard to imagine how the outcome of the summary judgment proceedings would have been different. Because vacating the judgment would have been an empty exercise, Welton has not shown she has a meritorious defense to Midland's motion for summary judgment.

*Id.* at 356.

[13] We find *Welton* instructive. Because OCPA is not permitted to belatedly file the Record, the Record is not, and will never be, properly before the trial court. Without the Record, OCPA's petition cannot be considered. *See TOPS*, 20 N.E.3d at 155; *Robertson*, 19 N.E.3d at 762-63. The trial court's order setting aside the dismissal of OCPA's petition was therefore an empty exercise. Because OCPA cannot establish a meritorious claim, the trial court abused its discretion in granting the motion for relief from judgment. We therefore reverse and remand with instructions to vacate the trial court's judgment setting aside its dismissal of OCPA's petition for judicial review.

[14] Judgment reversed and remanded with instructions.

[15] Bailey, J. and Brown, J., concur.