

Mar 12 2019, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT
AL-SALAM FOUNDATION, INC.

Patrick R. Hess
Brian C. Heck
Beckman Lawson, LLP
Fort Wayne, Indiana

Johnathan J. Smith
Juvaria Khan
Nimra H. Azmi
Washington, D.C.

ATTORNEYS FOR APPELLANT
CARMEL BOARD OF ZONING APPEALS

Robert W. Eherenman
Melanie L Farr
Haller & Colvin, P.C.
Fort Wayne, Indiana

John R. Molitor
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Michael J. Andreoli
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carmel Board of Zoning Appeals, and Al-Salam Foundation, Inc., <br><br> *Appellants-Respondent and Respondent-Intervenor,* <br><br> v. <br><br> David Bidgood, Sheila M. Graves, Salvatore Papalardo, | March 12, 2019 <br><br> Court of Appeals Case No. 18A-MI-2098 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Steven R. Nation, Judge <br><br> Trial Court Cause No. 29D01-1803-MI-2761 |

David J. Reeves, and Angelo R. Stanco,

*Appellees-Petitioners.*

**Robb, Judge.**

# Case Summary and Issue

[1]     The Al-Salam Foundation, Inc. (the "Foundation") sought and obtained from the Carmel Board of Zoning Appeals (the "Board") a special use zoning permit to establish an Islamic Life Center for use by the Muslim community for worship and community gatherings.  David Bidgood, Sheila M. Graves, Salvatore Pappalardo, David J. Reeves, and Angelo R. Stanco (collectively, the "Remonstrators") filed a "Petition for Writ of Certiorari, Judicial Review and Declaratory Judgment" in the Hamilton County Superior Court challenging the Board's decision.  The Board filed a motion to dismiss when the Remonstrators did not file the Board record within thirty days of filing their petition.  After a hearing, the trial court denied the motion to dismiss.  The Board and the Foundation now appeal the trial court's order, raising one issue for our review: whether the trial court erred in denying the motion to dismiss the Remonstrators' petition for judicial review because the Remonstrators failed to timely file the Board record or request an extension of time to do so within the timeframe provided by Indiana Code section 36-7-4-1600 (the "1600 Series).

Concluding the Remonstrators failed to timely file the Board record or request an extension of time for filing, we reverse.

# Facts and Procedural History

[2] On February 26, 2018, the Board, by a 3-2 vote, approved the special use application by the Foundation. On March 28, the Remonstrators filed their "Petition for Writ of Certiorari, Judicial Review and Declaratory Judgment" and notice of filing of the same, in which the Remonstrators requested that the trial court "issue an Order to Show Cause why a Writ of Certiorari should not be issued." Joint Appellant's Appendix, Volume 2 at 36. According to the 1600 Series, the Board record was then due by April 27, thirty days after the petition was filed. *See* Ind. Code § 36-7-4-1613(a). On April 4, the trial court signed an order purporting to require the Board "to show cause why a writ of certiorari should not issue" at a hearing set for May 25. *Id.* at 37.

[3] On May 23, the Board filed a response to the Remonstrators' petition in which it noted that it was not required by the 1600 Series to file an answer or other responsive pleading to the Remonstrators' petition for judicial review but it nonetheless responded and noted that the Board record had not been filed by the Remonstrators within the time required by Indiana Code section 36-7-4-1613(a). On May 25, the Remonstrators filed a motion for an extension of time to file the Board record. In that motion, the Remonstrators stated that on April 5, they had contacted the Board regarding the status of the Board record by letter in which they noted "it may take longer to put the record together so if

you could just let [counsel] know, [they would] ask the Court for additional extensions . . . ." *Id.* at 47. Hearing nothing in return, the Remonstrators "assumed, rightly or wrongly, that it was taking the Board's staff some time to put the Record of Proceeding together." *Id.* at 44. The Remonstrators did nothing more regarding the Board record until receiving the Board's response on May 23 which referenced their failure to file the Board record. At that time, they again checked on the status of the Board record and then filed the motion for extension of time. On May 29, the trial court granted the extension of time and allowed the Remonstrators until June 20 to file the Board record.

[4]     The Board filed a motion to reconsider the order granting the Remonstrators additional time to file the Board record, alleging the Remonstrators' motion "sought relief from a statutory requirement that [the trial court] cannot grant." *Id.* at 49. The Board also filed a motion to dismiss the petition for judicial review because the Remonstrators had not timely filed the Board record or timely requested an extension to do so.[1] In their response to the Board's motion, the Remonstrators relied on the trial court's April 4 order that scheduled a hearing for May 25: "The date is tantamount to setting a date for making a Return of the Writ and filing the Record of Proceedings." *Id.* at 59.[2]

---

[1] The Board also alleged the petition should be dismissed for failure to join an indispensable party. The trial court addressed this ground in its order denying the motion to dismiss, but it is not at issue in this appeal.

[2] As will be discussed below, the gist of this argument is that the trial court setting a hearing for May 25 was equivalent to setting a date for the Board record to be filed.

[5]     At the hearing on the pending motions, the trial court granted the Remonstrators' motion for additional time to file the Board record,[3] and on June 26, entered a written order, recounting the above procedural history and stating in relevant part:

> 7. That the statute I.C. 36-7-4-1613(a) provides [the Board record shall be filed] "within 30 days after filing of the petition, or within further time allowed by the court".

> 8. That as of the hearing on June 11, 2018, the Record of Proceedings had not been completed and in fact, at that time it had not been determined when the Record of Proceedings could be completed or the possible costs. Thus, it would be an impossibility for the [Remonstrators] to comply with the statutory requirements to file the Record of Proceedings without the Court providing an extension of time to file. The [Remonstrators] were not late but properly asked for the Court to extend the time set as provided by statute. As set forth above, and prior to the date which was set by the Court, the [Remonstrators] have requested an extension of time to file the Record of Proceedings.

> 9. That therefore, the Court finds the [Board's] Motion to Reconsider Order Granting an Extension of Time to File Record … should be and is hereby denied.

---

[3] In the appealed order, the trial court stated that it granted the Remonstrators' motion for additional extension of time during the hearing and it set a telephonic pre-trial conference for July 19 at which the parties "shall be prepared to discuss when the Record of Proceedings shall be prepared so that it may be filed[.]" *Id.* at 13.

*Id.* at 70-71.  At the Board's request and over the Remonstrators' objection, the trial court certified its order for interlocutory appeal[4] and this court thereafter accepted jurisdiction.  The Board now appeals.

# Discussion and Decision

## I. Standard of Review

[6] "We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record."[5] *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 151 (Ind. 2014).

## II.  Process of Judicial Review

[7] We begin by discussing the procedure the Remonstrators have attempted to employ.  As stated in their response to the Board's motion to dismiss,

> The [Remonstrators] assert that the [Board's] reliance on Indiana Code 36-7-4-1613 and the cases that discus [sic] the filing of the Record of Proceedings is misplaced and should be denied.  While the [Board] sites [sic] cases that deal with the "bright light" [sic]

---

[4] Up to this point, the Foundation had not participated in the trial court proceedings.  After the trial court's order denying the Board's motion to dismiss and after the Board filed its motion to certify the order for interlocutory appeal, the Foundation moved to intervene and to join in the Board's motion.  Henceforth, references to "the Board" include the Foundation unless otherwise noted.

[5] Although the trial court held a hearing on the Board's motion, the Board did not request a transcript of the hearing and there is nothing in the record to suggest the hearing was anything other than legal argument on the parties' respective positions.  *See* Joint Brief of Appellants at 13 (representing that the trial court did not conduct an evidentiary hearing).

> timeline established for the filing of the Record of Proceedings, the [Board] failed to distinguish what actually occurred in this case verses [sic] those cases sited [sic]. In this case, the [Remonstrators] submitted, and the Court entered an Order to Show Cause Why Writ of Certiorari Should Not Issue and established show cause for the 25th day of May, 2018 . . . . This in essence established a "bright light" [sic] timeline for the filing of the Record of Proceedings.

Jt. Appellant's App., Vol. 2 at 61. Quoting Indiana Code section 36-7-4-1613— "Within thirty (30) days after the filing of the Petition, *or within further time allowed by the court*, the petitioner shall transmit [the Board record]" (emphasis added)—the Remonstrators then argued the Court "had jurisdiction to, and did, establish a timeline that could be relied upon by the [Remonstrators] in this case." *Id.*; *see also* Appellees' Brief at 8 (arguing that "before the thirty (30) day period expired, the [trial court] had set a date certain for the Return of the Writ, i.e. filing of the Board Record").

[8]  Prior to 2011, a petitioner initiated judicial review of a board of zoning appeals' decision by filing a petition for a writ of certiorari. *Town of Darmstadt v. CWK Investments-Hillsdale, LLC*, 114 N.E.3d 11, 15 n.5 (Ind. Ct. App. 2018), *trans. denied*; *compare* Ind. Code § 36-7-4-1003 (2003) ("Each decision of the legislative body under section 918.6 of this chapter or the board of zoning appeals is subject to judicial review by certiorari.") *with* Ind. Code § 36-7-4-1003(a) (2014) ("Each decision of the legislative body under section 918.6 of this chapter is subject to judicial review in the same manner as that provided for the appeal of a final decision of the board of zoning appeals under section 1016(a) of this

chapter." ).  In *Shipshewana Convenience Corp. v. Bd. of Zoning Appeals of LaGrange Cty.*, 656 N.E.2d 812 (Ind. 1995), our supreme court set forth the statutory procedure applicable at that time:

> 1. A party aggrieved by a decision of a Board of Zoning Appeals must file (a) a verified petition; (b) for a writ of certiorari to the Board of Zoning Appeals; (c) in a circuit or superior court in the county in which the premises are located; (d) within thirty days after the date of the Board of Zoning Appeal's decision; (e) setting forth that the decision of the Board of Zoning Appeals is illegal in whole or in part and specifying grounds of the illegality.

> 2. The aggrieved party must have notice served by the sheriff on each "adverse party" as defined by the statute.

> 3. Upon the filing of a petition for a writ of certiorari, the court is required to direct the Board of Zoning Appeals, within twenty days after the date of the petition, to show cause why the writ of certiorari should not issue.

> 4. If the Board of Zoning Appeals makes no or an inadequate showing that the writ should not issue, the court may issue the writ, prescribing a deadline for response not less than ten days from the date the writ is issued.

*Id.* at 812-13 (footnotes omitted) (citing Ind. Code § 36-7-4-1003, -1005, and -1006 (1981)).  In response to the writ ("the return"), the Board would prepare various documents and transcripts called for by the writ and file them with the trial court within the time prescribed by the writ.  Ind. Code § 36-7-4-1008 (1981).

In 2011, Indiana Code sections 36-7-4-1005 to -1011 were repealed. P.L. 126-2011, sec. 68. Effective July 1, 2011, the 1600 Series "establishes the exclusive means for judicial review of zoning decisions[.]" Ind. Code § 36-7-4-1601(a). In other words, filing a petition for writ of certiorari, issuing a show cause order and a writ of certiorari, and the Board making a return on the writ are no longer the appropriate process for seeking judicial review of a Board decision. We will discuss the import of the trial court's order pursuant to this repealed process below.

## III. Timeliness

The 1600 Series now prescribes the following process for seeking judicial review of a board of zoning appeals' decision:

- A petitioner must have standing. Ind. Code § 36-7-4-1603.

- The petitioner must have exhausted administrative remedies. Ind. Code § 36-7-4-1604.

- The petitioner must file the petition for review not later than thirty days after the zoning decision. Ind. Code § 36-7-4-1605.

- The petitioner must comply with section 1613 concerning the time for filing the board record.[6] Ind. Code § 36-7-4-1613(a).

---

[6] Section 1613(a) also describes the contents of the board record. The petitioner must submit a written request to the board to prepare the record. Ind. Code § 36-7-4-1613(c).

*See Town of Pittsboro Advisory Plan Comm'n v. Ark Park LLC*, 26 N.E.3d 110, 117 (Ind. Ct. App. 2015).

[11] The Board does not challenge the Remonstrators' standing or argue that they have not exhausted their administrative remedies. There is no question but that the petition was timely filed, as the zoning decision was issued on February 26, 2018, and the petition for judicial review was filed on March 28, thirty days later. The question to be answered is, when did the Board record need to be filed and did the Remonstrators comply? The Board contends the record needed to be filed or an extension sought by April 27, and the Remonstrators did not file their motion for extension of time until May 25. The Remonstrators contend the trial court's order set the time for filing the record or seeking an extension as May 25, they filed their motion for extension of time on that date, the trial court granted their motion, and therefore they have not missed the deadline for filing the Board record.

[12] In *Howard v. Allen Cty. Bd. of Zoning Appeals*, we noted that because the judicial review provisions of the 1600 Series are identical in all material respects to the judicial review provisions of the Administrative Orders and Procedures Act ("AOPA"),[7] we could look to cases interpreting the AOPA judicial review

---

[7] *See* Ind. Code § 4-21.5-5-1 (establishing this chapter as the exclusive means for judicial review of agency action); § 4-21.5-5-5 (requiring a petition for judicial review to be filed within thirty days of the agency action); § 4-21.5-5-13 (requiring the agency record to be filed within thirty days or "within further time allowed by the court or by law" and stating failure to file the record within the time permitted is cause for dismissal).

process in interpreting the 1600 Series. 991 N.E.2d 128, 130 (Ind. Ct. App. 2013). Accordingly, in determining whether the trial court should have granted a belated extension request for filing of the board record, the *Howard* court looked to *Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367 (Ind. 2010), in which our supreme court interpreted the AOPA requirement of filing the agency record. In *Meyer*, our supreme court stated, "The statute places on the petitioner the responsibility to file the agency record timely. Although the statute allows a petitioner to seek extensions of time from the trial court . . ., the statute does not excuse untimely filing or allow *nunc pro tunc* extensions." *Id.* at 370. Moreover, the trial court may grant a request for an extension of time under this section "only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension." *Id.* at 370-71.

[13]  Applying these rules to the case before it, the court in *Howard* held that where the petitioner had neither filed the board record nor requested an extension of the filing deadline within thirty days after filing his petition, section 1613 required dismissal. 991 N.E.2d at 131. The court also rejected the petitioner's suggestion that the trial court has discretion with respect to untimely filings. *Id*. Thereafter, our supreme court clearly established in an AOPA case a bright-line approach to the filing of an agency record: "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." *Teaching Our Posterity Success*, 20 N.E.3d at 155 (internal

footnote omitted); *see also First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 762-63 (Ind. 2014) (holding the same).

[14] Thus, the answer to the question before us is plain from the statute itself and from prior cases: the 1600 Series is the exclusive means for seeking judicial review, replacing the former certiorari process; the board record or a motion for an extension of time must be filed within thirty days of the petition; and aside from granting a timely motion for extension of time, the trial court may not otherwise alter the timeline or retroactively grant an extension.

[15] The Remonstrators' argument is essentially one of equity: they assert the trial court "had the ability and responsibility to manage its own docket and timelines" and, referencing *Teaching Our Posterity Success*, argues that the court set its own "[b]rightline filing date" of May 25, within which timeline they acted appropriately. Appellees' Brief at 7-8. They also note that the Board record had not yet been prepared at the trial court's deadline, it was unclear when it would be prepared, and requiring Remonstrators to abide by the statutory timeline instead of the court's would "create a series of procedural landmines" for them. *Id.* at 8.

[16] As to the trial court managing its own docket, the Remonstrators' argument continues to hinge on the availability of the certiorari process as an "alternate" process to the 1600 Series. In the certiorari process, the court *could* set deadlines. *See* Ind. Code § 36-7-4-1006 (2003) (when court issues a writ of certiorari, it prescribes the time in which the Board is to file the record). But the

certiorari process has been repealed for nearly a decade, and the Remonstrators are required to abide by the provisions of the 1600 Series. We would be remiss if we did not also note that the *trial court* is required to abide by those provisions as well. The trial court signed an order that is meaningless, as it is directed to the requirements of a now-repealed statutory process, and in doing so, unnecessarily furthered the procedural confusion at the heart of this case.[8]

[17] As to the unavailability of the Board record at the time it was required to be filed, the court in *Meyer* noted that the statute acknowledges "possible difficulties" in preparing and submitting the agency record but nonetheless "places the burden on the petitioner to file or seek an extension within the statutory period or any [previously granted] extension." 927 N.E.2d at 371. *See* Ind. Code § 36-7-4-1613 (b) ("An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible board within the time permitted by this section is good cause.").

[18] In sum, the Remonstrators timely filed their petition for judicial review on March 26, and under the 1600 Series, the Board record or a motion for

---

[8] The Remonstrators' position is somewhat inconsistent, in that it submitted to the trial court an Order to Show Cause Why Writ of Certiorari Should Not Issue. Under the former certiorari process, that order would set a date for the board to show cause why a writ of certiorari should not issue and if it failed to do so, *then* the court would issue the writ and set a time for the record to be filed. In other words, if the Remonstrators were committed to this as the appropriate process, they would not believe there was a deadline for filing the record as the trial court has not yet issued a writ directing the Board to do so. We also note that under the former process, the *Board* would be responsible for filing the record, and yet the Remonstrators acknowledge that filing the record in this case is their responsibility.

extension of time was therefore required to be filed by April 27. The Remonstrators did not file the Board record by that date and did not request an extension of time until May 25. To the extent the Remonstrators and the trial court believe the April 4 order set May 25 as the "further time allowed by the court" for filing the Board record, *see* Ind. Code § 36-7-4-1613(a), we note first that the order was procedurally meaningless for being issued under a repealed statute; and second, that it was not made in response to a motion for extension of time. The Remonstrators' first and only motion for extension of time was made outside the thirty days allowed for action with regard to filing the Board record, and the trial court had no discretion to grant it as it was untimely. Accordingly, because the Remonstrators have failed to comply with the statutory requirements for filing the Board record, they cannot receive consideration of their petition, and the trial court erred in denying the Board's motion to dismiss.

# Conclusion

[19] The Remonstrators' failure to file the Board record with the trial court in accordance with the provisions of the 1600 Series precludes judicial review and the Board's motion to dismiss should have been granted. The trial court's judgment to the contrary is reversed.

[20] Reversed.

Riley, J., and Kirsch, J., concur.