FILED

Dec 29 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT
SALLY ANN WOOD

Zachary M. VanVactor
Stites & Harbison PLLC
Louisville, Kentucky

Douglas B. Bates
Stites & Harbison PLLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLANTS
JOHN F. BUCKMAN, DEBRA J. BUCKMAN,
SCOTT H. DYER, JR., AND STACY M. DYER

Charles R. Waggoner
North Vernon, Indiana

James K. Wisco
Linda L. Chezem
Foley Peden & Wisco, P.A.
Martinsville, Indiana

ATTORNEY FOR APPELLEES
SCOTT COUNTY BOARD OF
COMMISSIONERS; BOB
TOBIAS, PRESIDENT OF
SCOTT COUNTY BOARD OF
COMMISSIONERS; SCOTT
COUNTY AREA PLAN
COMMISSION; AND SCOTT
COUNTY BOARD OF ZONING
APPEALS

R. Patrick Magrath
Alcorn Sage Schwartz &
Magrath, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sally Ann Wood, John F. Buckman, Debra J. Buckman, Scott H. Dyer, Jr., and Stacy M. Dyer, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Scott County Board of Commissioners, Bob Tobias, President of Scott County Board | December 29, 2020 <br><br> Court of Appeals Case No. 20A-PL-1074 <br><br> Appeal from the Jennings Superior Court <br><br> The Honorable Daniel Moore, Special Judge <br><br> Trial Court Cause No. 40D01-1909-PL-145 |

of Commissioners, Scott County Area Plan Commission, Scott County Board of Zoning Appeals, Meadow Gathering Place – MGP Venue, a Future LLC, Lance R. Stock, Renee K. Stock, Chelsea Watterson and Garrett Watterson,

*Appellees-Defendants,*

**Robb, Judge.**

# Case Summary and Issue

[1] Meadow Gathering Place filed petitions for a conditional use variance and development plan approval with the Scott County Plan Commission and the Scott County Board of Zoning Appeals. A public hearing was held on April 10, 2019, and Meadow Gathering Place's petitions were approved.

[2] On May 10, 2019, Sally Ann Wood filed a Petition for Writ of Certiorari and Stay of Decision and Complaint for Judicial Review naming the Scott County Board of Commissioners, Bob Tobias as President of the Scott County Board of Commissioners, the Scott County Plan Commission, the Scott County Board of Zoning Appeals ("County Defendants"), and Meadow Gathering Place, Lance R. Stock, Renee K. Stock, Chelsea Watterson, and Garrett Watterson ("MGP Defendants") as defendants.

The County Defendants filed a motion to dismiss when Wood failed to file the board record within thirty days of her petition. After a hearing, the trial court granted the motion to dismiss. Wood subsequently filed an Amended Complaint and a Motion to Correct Error. The County Defendants filed a Motion to Strike the amended complaint. After a hearing on all pending motions, the trial court issued an order granting the County Defendants' Motion to Strike and denying Wood's Motion to Correct Error. Wood now appeals raising two issues, which we consolidate and restate as whether the trial court erred by granting the County Defendants' Motion to Strike. Concluding that the trial court did not err, we affirm.

## Facts and Procedural History

Wood lives on a farm in Scott County. The MGP Defendants are seeking to construct a "party barn" event venue on land adjacent to Wood's farm. Appellant's Appendix, Volume II at 22. The MGP Defendants submitted petitions to the County Defendants seeking approval of their development plan and the grant of a conditional use variance. On April 10, 2019, a public hearing was held which Wood attended. That same day the MGP Defendants' petitions were approved.

[5]     On May 10, 2019, Wood filed her initial complaint seeking judicial review of the County Defendants' decision to grant the MGP Defendants' petitions.[1] Wood raised multiple concerns regarding the "party barn" including: whether the local roads could accommodate the additional traffic, noise pollution, environmental concerns, utility concerns, emergency responder capacity, and diminution of property value. *Id.* at 22-23.[2] Wood claimed the County Defendants' approval of the MGP Defendants' petition did not conform substantially with the county's comprehensive plan; the ruling did not comply with the rules of the Board of Zoning Appeals or Plan Commission; and the County Defendants failed to comply with the statutory requirements of Use Variance Criteria per Indiana Code section 36-7-4-918.4. *See id.* at 24. She also alleged inadequate notice but stated that she had appeared at every hearing regarding this matter. Wood stated in her complaint that the MGP Defendants' petition was approved and further asserted that her complaint complied with the 1600 Series for seeking judicial review.[3] *Id.*

[6]     The County Defendants filed a motion to dismiss Wood's complaint "pursuant to Ind. Code Sec. 36-7-4-1613 and Trial Rule 12(B)." *Id.* at 27. The County

---

[1] Wood filed her Petition for Writ of Certiorari and Stay of Decision and Complaint for Judicial Review alone but was later joined by Stacy M. Dyer, Scott H. Dyer, John T. Buckman, and Debra J. Buckman. Wood is also joined by these individuals in her appeal. *See* Notice of Joinder at 1.

[2] In Wood's complaint, she states that Meadow Gathering Place estimated the facility would attract between fifty and one hundred cars to each event. Appellant's App., Vol. II at 22. Events would include live music and would serve alcohol. *Id.*

[3] The "1600 Series" governs judicial review of local planning and zoning decisions. Ind. Code §§ 36-7-4-1600-1699.

Defendants argued that dismissal was mandatory under section 36-7-4-1613 because Wood failed to timely file the original or a certified copy of the board record or to request an extension. They also contended the complaint alleged injury to "numerous other parties" and that dismissal of all claims other than those asserted by the named parties should be dismissed pursuant to Rule 12(B)(6). *Id.* at 29. The trial court held a hearing at which the sole discussion was about failure to file the agency record and on February 14, 2020, the trial court issued an Order of Dismissal and granted the County Defendants' motion to dismiss.

[7] Within ten days of the Order of Dismissal, Wood filed what she styled an "Amended Complaint." *See id.* at 42. Wood's amended complaint stated that she was not seeking review under the 1600 Series because there had, in fact, been no final agency decision by the County Defendants.[4]

[8] The County Defendants then filed a motion to strike Wood's amended complaint arguing that Wood's failure to file the board record or request an extension within the required thirty days precluded her from amending her

---

[4] To support this, Wood claimed: that neither the Scott County Plan Commission nor the Board of Zoning Appeals had procedural rules in place at the time the MGP Defendants' variance/development applications were filed; that it appeared the County Defendants had failed to either properly enact a new valid county ordinance or duly establish a new plan commission and board of zoning appeals following the City of Scottsburg's 2018 withdrawal from the Scott County planning bodies established in 2004; and that the County Defendants had adopted a practice of having county commissioners decide whether to approve or deny zoning and variance applications.

complaint. On May 4, 2020, the trial court granted the County Defendants' Motion to Strike. Wood now appeals.

# Discussion and Decision

## I. Standard of Review

Under the Indiana trial rules, a motion to strike is properly utilized to strike "any insufficient claim or defense." *Anderson v. Anderson*, 399 N.E.2d 391, 407 (Ind. Ct. App. 1979) (citation omitted). In many circumstances, a trial court has broad discretion when it rules on a motion to strike. *In re Fitz*, 778 N.E.2d 432, 436 (Ind. Ct. App. 2002). Here, however, the motion to strike was based on the legal interpretation of a statute, a pure question of law. *See State v. Int'l Bus. Mach. Corp.,* 964 N.E.2d 206, 209 (Ind. 2012). Therefore, we review the trial court's decision de novo. *Reiswerg v. Statom*, 926 N.E.2d 26, 30 (Ind. 2010).

## II. Motion to Strike

Wood argues that the trial court erred by striking her amended complaint. Specifically, Wood contends that she timely filed her amended complaint following the dismissal of her initial complaint for failure to state a claim, therefore she was deprived of her absolute right to amend under Indiana law. S*ee* Brief of Appellant at 4. We disagree.

Wood's initial complaint was dismissed for failure to timely file the County Defendants' "board record" regarding their approval of the MGP Defendants' petition pursuant to Indiana Code section 36-7-4-1613(a). The 1600 Series

prescribes the process for seeking judicial review of zoning decisions. A person is entitled to judicial review if:

- The petitioner has standing pursuant to Indiana Code section 36-7-4-1603;

- The petitioner has exhausted administrative remedies pursuant to Indiana Code section 36-7-4-1604;

- The petitioner has filed the petition for review not later than thirty days after the zoning decision pursuant to Indiana Code section 36-7-4-1605; and

- The petitioner has complied with section 1613 concerning the time for filing the board record pursuant to Indiana Code section 36-7-4-1613(a).

*See* Ind. Code § 36-7-4-1602(b).

[12] Indiana Code section 36-7-4-1613(a) requires that the "petitioner shall transmit to the court the original or a certified copy of the board record for judicial review" within thirty days after filing the petition.[5] However, "[a]n extension of time in which to file the record shall be granted by the court for good cause shown." Ind. Code § 36-7-4-1613(b). Inability to obtain the record within the time permitted from the responsible board is good cause. *Id.* But reliance on the

---

[5] Under Indiana Code section 36-7-4-1613, the board record consists of "(1) any board documents expressing the decision; (2) other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision; and (3) any other material described in this chapter or other law as the board record for the type of zoning decision at issue[.]"

board to timely prepare its record does not relieve the petitioner of the statutory requirement to timely seek an extension of time in which to file the record. *Cent. States Tower IV, LLC v. Bd. of Zoning Appeals of City of Portage,* 149 N.E.3d 1206, 1213 (Ind. Ct. App. 2020). Failure to file the record or seek an extension "is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." *Id.*

[13] In *Howard v. Allen Cnty. Bd. of Zoning Appeals*, we noted that because the judicial review provisions of the 1600 Series are materially identical to their analogs in the Administrative Orders and Procedures Act ("AOPA"), we could look to cases interpreting the AOPA judicial review process in interpreting the 1600 Series. 991 N.E.2d 128, 130 (Ind. Ct. App. 2013). Our supreme court has clearly established, in an AOPA case, a bright-line approach to the filing of an agency record: "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 155 (Ind. 2014) (footnote omitted). This court has since adopted this bright-line approach for the 1600 Series. *See Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1050 (Ind. Ct. App. 2019); *Allen Cnty. Plan Comm'n v. Olde Canal Place Ass'n,* 61 N.E.3d 1266, 1270 (Ind. Ct. App. 2016).

[14] Wood does not contest the trial court's dismissal of her initial complaint for the failure to file the board record. However, Wood argues that she has a right to amend her initial complaint because her failure to file the board record was a

"condition precedent to jurisdiction" and "dismissal on such grounds . . . falls within the scope of [Indiana Trial Rule] 12(B)(6)[.]" Br. of Appellant at 11.

[15] To support this, Wood cites *State ex rel. Young v. Noble Circuit Ct.,* where our supreme court stated that "one who seeks the benefit of a statutory proceeding must comply with all procedural terms of the statute[, and f]ailure to comply with such niceties will subject the complaint . . . to dismissal for failure to state a claim pursuant to [Indiana Trial Rule] 12(B)(6)." 263 Ind. 353, 358, 332 N.E.2d 99, 102 (1975) (internal citation omitted). Following this, in *Browning v. Walters*, we stated "[w]hen a party fails to comply with a condition precedent to jurisdiction, the complaint will be subject to dismissal for failure to state a claim pursuant to Trial Rule 12(B)(6), after which the plaintiff can amend." 616 N.E.2d 1040, 1044 (Ind. Ct. App. 1993). We find these cases, and others cited by Wood, distinguishable from the case at hand.

[16] In *Young,* the petition was incorrectly captioned. In *Browning*, the petitioner's complaint was not verified. Both cases involved the failure to comply with "niceties" that are easily fixed upon amendment. This is not the case with Wood's failure to file the board record. Wood is unable to fix this procedural error by amending because the trial court does not have discretion "with respect to untimely filings." *Bidgood*, 120 N.E.3d at 1050. And "aside from granting a timely motion for extension of time, the trial court may not otherwise alter the timeline or retroactively grant an extension." *Id.* Further, "[a]fter a filing

deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects." *Howard*, 991 N.E.2d at 131 (quotation omitted).[6]

[17] In *Olde Canal Place,* the petitioner failed to timely file the board record and its petition was dismissed. 61 N.E.3d at 1268. The petitioner then asked the court to set aside the dismissal under Indiana Trial Rule 60(B)(1), claiming that the failure to file the board record was the result of a mistake. Upon review, we stated that "[b]ecause [a petitioner] is not permitted to belatedly file the Record, the Record is not, and will never be, properly before the trial court." *Id.* at 1270. Thus, the petitioner's motion for relief from judgment was an "empty exercise" as it could not "establish a meritorious claim[.]" *Id.* Similarly, no amendment made by Wood can cure her failure to file the board record in this judicial review proceeding and her claim will never properly be before the trial court. Because no amendment made by Wood could cure her procedural defect or remove her from the purview of the 1600 Series, any amendment would be an

---

[6] Wood argues that her amended complaint expressly alleged that no final decision had been rendered by the County Defendants and therefore she had alleged facts that, if accepted as true, would defeat dismissal. We disagree. "The best evidence of legislative intent is the statutory language itself, and we strive to give the words in a statute their pla[i]n and ordinary meaning." *Town of Darmstadt v. CWK Investments-Hillsdale, LLC*, 114 N.E.3d 11, 13 (Ind. Ct. App. 2018) (citation omitted), *trans. denied*. Under Indiana Code section 36-7-4-1602, a person is entitled to the judicial review of a nonfinal zoning decision if they establish: (1) immediate and irreparable harm; and (2) that no adequate remedy exists at law. Reading Indiana Code section 36-7-4-1602 together with Indiana Code section 36-7-4-1601, which states the 1600 Series "establishes the exclusive means for judicial review of zoning decisions[,]" nonfinal zoning board decisions remain in the purview of the 1600 series. *See Anderson v. Gaudin*, 42 N.E.3d 82, 85 (Ind. 2015) ("We examine the statute as a whole, reading its sections together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute.").

"empty exercise"; therefore, she was not allowed to amend her original petition and the trial court properly struck the pleading. *Id.*

# Conclusion

[18] Concluding the trial court did not err by granting the County Defendants' Motion to Strike, we affirm.

[19] Affirmed.

Crone, J., and Brown, J., concur.