


FILED

Mar 17 2025, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Elizabeth Gunther,

*Appellant-Petitioner,*

v.

St. Joseph County Auditor
and St. Joseph County Treasurer,

*Appellees-Respondents.*

March 17, 2025

Court of Appeals Case No.
24A-TP-2237

Appeal from the
St. Joseph Circuit Court

The Honorable
John E. Broden, Judge

Trial Court Cause No.
71C01-2310-TP-727

**Baker, Senior Judge.**

## Statement of the Case

[1] Elizabeth Gunther purchased three parcels of land at a tax sale. The trial court granted her request to issue tax deeds for the parcels, but she failed to complete the tax deed recording process within the time limit set by statute.

[2] Gunther appeals the trial court's denial of her motion for an extension of time to record the tax deeds. Concluding the court lacked the authority to grant Gunther's requested extension, we affirm.

## Facts and Procedural History

[3] Gunther purchased three lots at a St. Joseph County tax sale. On October 8, 2023, she filed a petition for issuance of tax deed. The delinquent landowners did not file an appearance. On December 9, 2023, the trial court granted Gunther's petition. Among other provisions, the court's order states:

> the Petitioner shall file this Order Directing Auditor to Issue Tax Deed with the St. Joseph County Auditor's Office within one hundred and fifty (150) days, together with the original tax sale certificate; necessary Sales Disclosure Form; payment of the Tax Deed recording/transfer fees; and payment of any and all subsequent real estate property taxes. Petitioner's failure to

comply with any of the foregoing shall make this Order null and void.

Appellant's App. Vol. II, p. 8. As we discuss below, the language of this paragraph tracks the requirements of Indiana Code section 6-1.1-25-4(n) (2023), except that the statute does not require the filing of the tax sale certificate.

[4] On August 1, 2024, after the 150-day period had expired, Gunther moved for a thirty-day extension of time to "complete the recording process[.]" Appellant's App. Vol. II, p. 10. Gunther acknowledged that she had failed to pay all subsequent property taxes and record the tax deeds within the 150-day period, claiming the failure was an inadvertent oversight. The St. Joseph County Auditor and Treasurer objected to her motion, arguing: (1) the trial court lacked the authority to grant the extension; and (2) even if the court had such authority, the circumstances did not merit an extension. Gunther responded to the objection, claiming she was entitled to relief under Indiana Trial Rule 60(B). She further explained she had failed to comply with the trial court's order because her attorney, who was unfamiliar with St. Joseph County's tax sale procedures, had not noted the paragraph quoted above from the trial court's December 9, 2023 order.

[5] The trial court held a hearing and denied Gunther's motion. This appeal followed.

## Issue

[6] The only properly preserved issue is whether the trial court erred in denying Gunther's motion for an extension of time.[1]

## Discussion and Decision

[7] Gunther described her request for an extension of time as a motion for relief from judgment under Indiana Trial Rule 60(B). In general, our review of a trial court's grant or denial of a motion for relief from judgment is limited to determining whether the court abused its discretion. *Welton v. Midland Funding, LLC*, 17 N.E.3d 353, 355 (Ind. Ct. App. 2014). But in the current case, the parties do not dispute the facts. Instead, they primarily disagree on the application of a statute. Where a ruling turns on a question of law, our review is de novo. *Berg v. Berg*, 170 N.E.3d 224, 227 (Ind. 2021). As we address the parties' statutory arguments, we keep in mind that if a "statute is clear and unambiguous, we apply it as drafted without resort to the nuanced principles of statutory interpretation[.]" *Crowel v. Marshall Cnty. Drainage Bd.*, 971 N.E.2d 638, 646 (Ind. 2012).

[8] In the case of *In re 2002 Lake County Tax Sale*, 818 N.E.2d 505, 507 (Ind. Ct. App. 2004), a delinquent landowner whose property had been sold at a tax sale

---

[1] Gunther also argues the trial court's December 9, 2023 order authorizing the issuance of tax deeds is void because the court did not issue the order within the deadline set by statute. She did not raise this argument in the trial court, and as a result, she has procedurally defaulted it on appeal. *See Pious Trans, Inc. v. Certain Underwriters at Lloyd's London*, 233 N.E.3d 501, 505 (Ind. Ct. App. 2024) (issues raised on appeal for first time are waived).

appeared at a hearing on the purchaser's petition for a tax deed. The landowner objected to the petition and asked for more time to redeem the property. The trial court granted the landowner's request and denied the purchaser's petition.

[9] On appeal, the Court reversed the trial court. The Court reviewed three statutes that govern tax sales, including Indiana Code section 6-1.1-25-4, and concluded: (1) the delinquent landowners had one year to redeem the property; (2) the one-year statutory deadline had expired by the time of the hearing; and (3) the unambiguous language of the statutes did not grant the trial court "the discretion to extend the period of redemption beyond the one-year limitation." *Id.* at 509.

[10] In the current case, the parties' dispute is governed by Indiana Code section 6-1.1-25-4(n), which provides:

> A county auditor shall not issue or record a tax deed unless the following requirements are met not later than one hundred fifty (150) days after the date of the hearing at which a court grants the tax sale buyer's petition for the tax deed:
>
> (1) Copies of the court order to issue the tax deed and the sales disclosure form are filed with the county auditor.
>
> (2) The recording fees for the tax deed are paid.
>
> (3) All subsequent or outstanding real property taxes on the property are paid.

[11] "When the word 'shall' appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning." *United Rural Elec. Membership Corp. v. Ind. & Mich. Elec. Co.*, 549 N.E.2d 1019, 1022 (Ind. 1990). A plain reading of section 6-1.1-25-4 in its entirety indicates the legislature intended a mandatory construction for the phrase "shall not." We also note the long-ago stated principle that, "where a statute expressly prohibits a thing, until another has been done, the prohibition cannot be disregarded without judicial legislation." *Stayton v. Hulings*, 7 Ind. 144, 147 (Ind. 1855). Based on the plain language of Section 6-1.1-25-4, and the principles set forth in *In re 2002 Lake County Tax Sale*, we conclude the trial court did not have the discretion to grant Gunther's motion to extend the 150-day statutory deadline.

[12] Gunther cites *Marion Assets 2020 v. Fiascone Family LP*, 211 N.E.3d 1 (Ind. Ct. App. 2023) in support of her claim, but that case is distinguishable. In *Marion Assets*, the Court noted that trial courts have equitable authority to set aside a tax deed after the redemption period expires, but that authority has been exercised thus far only for homeowners seeking to redeem their properties. 211 N.E.3d at 12 (collecting cases). Further, the homeowner must prove "a material misrepresentation during the statutory tax sale process." *Id.* In the current case, Gunther is not the original homeowner, and she has not alleged any material misrepresentations. Under these circumstances, we will not exercise powers of equity that contravene clear statutory requirements. As a result, Gunther has failed to demonstrate reversible error.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Pyle, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Ralph E. Sipes
Anderson, Indiana

ATTORNEYS FOR APPELLEES

Phillip A. Garrett
Brandie N. Ecker
Thorne Grodnik, LLP
Mishawaka, Indiana