## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2019, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darla S. Brown
Bloomington, Indiana

ATTORNEYS FOR APPELLEES

Michael L. Carmin
Daniel M. Cyr
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Town of Ellettsville, Indiana
Plan Commission,

*Appellant-Respondent,*

v.

Highland Park Estates LLC and
Debra Hackman,

*Appellees-Petitioners.*

October 16, 2019

Court of Appeals Case No.
19A-PL-466

Appeal from the
Monroe Circuit Court

The Honorable Frances G.
Hill, Judge

Trial Court Cause No.
53C06-1808-PL-1782

**Altice, Judge.**

## Case Summary

[1] After the Town of Ellettsville, Indiana Plan Commission (the Plan

Commission) granted a developer's petition to vacate a portion of a plat, two

nearby landowners, Highland Park Estates, LLC and Deborah Hackman (collectively, Petitioners), filed a petition for judicial review of the Plan Commission's decision. The Plan Commission filed a motion to dismiss the petition on the basis that the Plan Commission's board record was not timely filed in the trial court. The trial court denied the Plan Commission's motion to dismiss and granted Highland Park Estates and Hackman an extension of time to file the record. The Plan Commission filed this interlocutory appeal, asserting that because a trial court lacks discretion to allow belated filing of a board record, the trial court here should have granted its motion to dismiss the petition for judicial review.

[2]     We reverse.

## Facts & Procedural History

[3]     Centennial Park, LLC (Centennial) owns approximately thirty acres of development ground immediately adjacent to, and to the north of, Highland Park Estates, which is a residential subdivision consisting of twenty-six lots. Centennial's land is within the corporate limits of the Town of Ellettsville, but Highland Park Estates is outside of the town limits and is subject to the jurisdiction of the Monroe County Plan Commission. At some point prior to the current dispute, Centennial or its predecessor obtained approval from the Plan Commission to subdivide and develop the thirty acres for single family homes, and a condition of the approval required that Centennial provide a connecting road through Highland Park Estates for access to a traffic light at the intersection of Centennial Drive and State Road 46.

[4]     In addition to the developmental ground, Centennial owns Lot 15 in Highland Park Estates,[1] through which Centennial sought to construct the connecting road. Hackman owns Lot 16, which is adjacent to Lot 15, and Highland Park Estates owns Lot 14. Highland Park Estates and Hackman opposed and objected to the construction of the road through Lot 15, and the then-existing restrictions and covenants prohibited the use of Lot 15 for a road. Litigation ensued between the parties which, according to Highland Park, "resulted in a Court Order declaring that the creation of a connecting road through Lot 15 by Centennial Park was a breach of the covenants and plat restrictions, that the road constituted a nuisance and annoyance to the neighborhood and entered Injunctive Relief enjoining Centennial Park from creating and/or using Lot 15 to create a connecting road." *Appellant's Appendix Vol. II* at 14. Meanwhile, Centennial sought and received permission to voluntarily annex Lot 15 into the Town of Ellettsville.

[5]     In November 2017, Centennial filed an application with the Plan Commission for a petition to vacate a portion of a plat and the associated covenants and restrictions for Lot 15. The Plan Commission considered Centennial's petition at its December 7, 2017 meeting but, due in part to pending litigation, the matter was placed on the Plan Commission's agenda for its July 12, 2018 meeting, where the Plan Commission considered comments from counsel for

---

[1] According to the filing below, Centennial acquired Lot 15 in April 2017, and at that time Lot 15 was a developed lot with an occupied residence.

both parties and neighbors. It tabled the matter to its August 2, 2018 meeting, at which time it approved Centennial's petition to vacate the plat with regard to Lot 15 and approved the request to vacate the covenants and restrictions associated with Lot 15. The Plan Commission entered its findings at the August 2, 2018 meeting.

On August 31, 2018, Petitioners filed a Verified Petition for Writ of Certiorari and Judicial Review (Petition for Judicial Review), seeking reversal of the Plan Commission's decisions. The Petition for Judicial Review asserted, among other things, that there was no evidence heard or received that the conditions of the platted area had changed so as to defeat the original purpose of the plan, the Plan Commission failed to make certain findings of fact, and the decision to approve the partial plat vacation was arbitrary and capricious and contrary to law and illegal. As is relevant here, Petitioners requested the trial court to:

> Issue writ of certiorari pursuant to I.C. 36-7-4-1613 directing the Plan Commission to, within thirty (30) days of the date of this Petition, transmit to the Court the original or certified copy of the Plan Commission's record on Case Number PC2017-25, Petition to Vacate a Portion of the Plat and Associated Covenants[.]

*Id.* at 16.

On September 18, 2018, the trial court issued a notice setting the Petition for Judicial Review for hearing on November 8, 2018. It stated:

**HEARING ON WRIT OF CERTIORARI**

Petitioners filed a Verified Petition for Writ of Certiorari on August 31, 2018. The court now sets this for a hearing on **November 8, 2018 at 3:30 p.m**. All parties to appear.

**SO ORDERED this 18th day of September, 2018**.

*Id.* at 18 (emphasis in original).

[8] On October 31, 2018, Petitioners filed a Motion for Enlargement of Time to file the Plan Commission's record. The motion stated:

> 1. Petitioners seek to compel the Town of Ellettsville Plan Commission to compile the record of proceedings for the matter that Petitioner has appealed.
>
> 2. Petitioner tendered to the Court a Writ of Certiorari, and the tendered Writ of Certiorari directed the Town of Ellettsville Plan Commission to compile and certify the record of proceedings in dispute to be filed with the Court.
>
> 3. The Court has set a hearing on the Petition for Writ of Certiorari, the Writ has not been issued and, therefore, the directive has not yet been issued to the Plan Commission to compel the record of proceedings to be compiled and filed with the Court.

*Id*. at 22.

[9] On November 5, 2018, the Plan Commission filed its Motion to Dismiss, arguing that Petitioners failed to file the Plan Commission's record or request an extension of time to do so within thirty days after its Petition for Judicial Review was filed. Specifically, the motion stated that (1) Indiana Code § 36-7-

4-1613(a) requires a Petitioner requesting judicial review of local planning and zoning decisions to transmit to the court the original or certified copy of the board record for judicial review of the zoning decision within thirty days of the filing of the petition, and (2) here, Petitioners filed their Petition for Judicial Review on August 31, so they were required to file the record of the Plan Commission's decision on or before October 1, 2018, which they did not do.

[10] On November 7, the trial court issued a notice to the parties stating that pending motions, if not resolved at an upcoming case conference meeting, would be set for hearing and noting that it "did not issue a Writ of Certiorari as requested by the Petitioner in its [Petition for Judicial Review] because the court did not find authority or mandate to do so in IC 36-7-4-1613." *Id.* at 5.

[11] On November 20, Petitioners filed an Opposition to the Motion to Dismiss, asserting that "[i]nvoking the Court's power of writ of certiorari to compel the proper preparation, certification and submission of the record of proceedings as required by I.C. 36-7-4-1613 was a permitted act[,]" they timely filed the Petition for Writ of Certiorari, and "in lieu of issuing the Writ" the trial court set the matter for hearing. They argued, "When the Court took the Petition for Writ of Certiorari under advisement and set the matter for hearing, Petitioners rightfully considered the Court's action as an enlargement of time for the filing of the record." *Id*. at 42. They further explained:

> The Petitioners elected to request the record from the Plan
> Commission through the power of the Court order to compel the
> very action to which Petitioners were entitled and constitutes

> Petitioners' request for preparation of the record. That the Court delayed the action by taking the matter under advisement and setting it for hearing is misleading to Petitioners.

*Id.* at 43. Petitioners urged that although, under the statutes, failure to timely file a record is cause for dismissal, a dismissal is not mandatory, and here, where Petitioners understood "the Court's setting the writ for hearing as a de facto enlargement of time to file the record," the Motion to Dismiss should be denied. *Id.* at 44.

[12] In their Reply, the Plan Commission urged that "Petitioners cannot sincerely believe, as they contend, that when the Court set their Petition for Writ of Certiorari and Judicial Review [] for hearing that they 'rightfully considered the Court's action as an enlargement of time for the filing of the record'" because "[i]f Petitioners believed that, they would not have filed a motion for extension of time . . . to file the . . . record on October 31, 2018." *Id.* at 46. The Plan Commission argued, "It is not the Court's job or the Plan Commission's job to make sure that the board record is timely filed[,]" and "[t]he fact that the Court set the matter for hearing on Petitioners' Petition for Writ of Certiorari does not excuse the Petitioners from filing the board record." *Id.* at 47.

[13] After a December 17, 2018 hearing on the Plan Commission's Motion to Dismiss and Petitioners' Motion for Enlargement of Time,[2] the trial court

---

[2] There is no transcript in the record before us, but according to the Plan Commission, no sworn testimony was presented at the hearing.

issued an order on December 21, 2018. The trial court denied the Plan Commission's Motion to Dismiss and granted an extension of time to Petitioners to file the Plan Commission record. The court found that it had contributed to Petitioners' confusion as to when the Plan Commission record was due and that, "in the interest of justice," Petitioners should be allowed to file the record late. *Id.* at 11. The court explained in its conclusions:

> 11. The Petitioner[s'] Petition for Writ of Certiorari and Judicial Review directed the court to order the Plan Commission to submit the record to the court. The Petition relied on I.C. 36-7-4-1613 to support this position, but I.C. 36-7-4-1613 does not authorize the court to initially order the Board to do so, although that may have been the law prior to statutory amendment. See 146 N.E.2d 551 (Ind. 1957).

> 12. Reading all of the sections of the statutes together, it is clear that [a] Petitioner is required to request in writing to the Board making the zoning decision to prepare the record of the proceeding. The Petitioner is to file the record with the court within 30 days of the filing of the petition. An extension of the 30 days deadline can be granted by the court for good cause. "Inability to obtain the record from the responsible Board within 30 days period, is good cause for an extension" pursuant to I.C. 36-7-4-1613.

> 13. However, by setting Petitioner[s'] Motion for a Writ of Certiorari for hearing, the Court may have unintentionally misled Petitioner[s] into believing [they] had fulfilled the requirements for an extension of time under I.C. 36-7-4-1613. While the Court of Appeals in *Howard v. Allen County Board of Zoning* made it clear that the Court cannot accept "a belated record even where an official extension has not been granted," this is not the case here as Petitioner[s] mistakenly believed the

> Court had granted an extension, and subsequently filed for an official extension after realizing its mistake. 991 N.E.2d 128, 131 (Ind. Ct. App. 2013).

*Id.* at 11. The Plan Commission requested and received permission to file this interlocutory appeal.

## Discussion & Decision

The Plan Commission contends that the trial court erred by denying its Motion to Dismiss the Petition for Judicial Review and, instead, granting Petitioners additional time to file the Plan Commission's record. We review a trial court's rulings on motions to dismiss for failure to timely file necessary agency records de novo where, as here, the court has ruled on a paper record. *Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1047 (Ind. Ct. App. 2019) (citing *Teaching Our Posterity Success, Inc. v. Indiana Dep't of Educ.*, 20 N.E.3d 149, 151 (Ind. 2014)). We review a trial court's ruling on a motion for an enlargement of time for an abuse of discretion. *Paul v. Home Bank SB*, 953 N.E.2d 497, 501-02 (Ind. Ct. App. 2011).

Plan commissions are vested with the exclusive authority to vacate all or part of a plat, and the vacating of all or part of a plat is a final decision of a plan commission that may be reviewed under the judicial review procedure. I.C. § 36-7-4-711, -715(a)(3). Indiana Code sections 36-7-4-1600 through -1616, known as the 1600 Series, "establish[] the exclusive means for judicial review of zoning decisions." *Allen Cty. Plan Comm'n v. Olde Canal Place Ass'n*, 61 N.E.3d 1266, 1269 (Ind. Ct. App. 2016) (citing I.C. § 36-7-4-1601(a)).

Judicial review is initiated by filing a petition for review in an appropriate court. I.C. § 36-7-4-1602(a). To qualify for judicial review, a person must have standing, must have exhausted his administrative remedies, must timely file the petition for judicial review, and must timely file the board record. I.C. § 36-7-4-1602(b). Specifically, as is relevant to this case, "Only a person who qualifies under . . . section 1613 of this chapter concerning the time for filing the board record for review" is entitled to judicial review of a final zoning decision. *Id.*

Section 1613 states in relevant part:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court, *the petitioner shall transmit* to the court the original or a certified copy of the board record for judicial review of the zoning decision, consisting of:
>
> > (1) any board documents expressing the decision;
> >
> > (2) other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision; and
> >
> > (3) any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section.
>
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible board within the time permitted by this section is good cause. *Failure to file the record within the time permitted by this subsection, including any extension period ordered*

*by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.*

(c) Upon a written request by the petitioner, the board making the zoning decision being reviewed shall prepare the board record for the petitioner. If part of the record has been preserved without a transcript, the board shall, if practicable, prepare a transcript for inclusion in the record transmitted to the court, except for parts that the parties to the judicial review proceeding stipulate to omit in accordance with subsection (e).

I.C. § 36-7-4-1613(a), (b), (c) (emphases added). While Subsection 1613(b) provides that extensions of time to file the record "shall be granted . . . for good cause[,]" our courts have held that an extension may be granted only if the request is made during the initial thirty-day period following the filing of the petition or within any previously granted extension. *Wayne Cty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 926 (Ind. 2006); *Howard v. Allen Cty. Bd. of Zoning Appeals*, 991 N.E.2d 128, 131 (Ind. Ct. App. 2013).

[18] The Plan Commission argues that it is entitled to dismissal because Indiana courts have established a "bright line rule" that a petitioner on a petition for judicial review must submit the board record to the trial court within thirty days of filing its petition or request an extension of time before the expiration of that thirty-day period. In support, the Plan Commission refers us to, among other cases, our Supreme Court's decision in *Teaching Our Posterity Success, Inc. v. Indiana Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014), where the Court interpreted a provision of the Indiana Administrative Orders and Procedures Act that

requires that an agency record be filed within thirty days after a petition for judicial review is filed. There, the Department of Education (DOE) filed a motion to dismiss because Teaching Our Prosperity Success (TOPS) failed to file a timely and complete record with the trial court. The trial court agreed and dismissed. TOPS appealed, and this court reversed, finding that the final agency order was defective, and remanded with instructions to the trial court to send the case back to DOE for findings and conclusions. Our Supreme Court affirmed the judgment of the trial court, stating:

> [A] petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed. In our view *this bright-line approach best serves the goals of accuracy, efficiency, and judicial economy*. Here because TOPS did not file the agency record as anticipated by AOPA, the trial court properly dismissed its petition for judicial review.

*Id.* at 155 (emphasis added); *see also First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 762-63 (Ind. 2014) (applying "bright line" rule of *TOPS* case and holding that because title insurance company failed to timely file agency record, its petition for judicial review could not be considered and trial court should have dismissed it). About a year later, this court in *Town of Pittsboro Advisory Plan Comm'n v. Ark Park, LLC*, 26 N.E.3d 110 (Ind. Ct. App. 2015), applied our Supreme Court's "'bright-line' rule that a 'petitioner for [judicial] review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed'" and reversed the trial court's denial of a plan commission's motion to dismiss a developer's petition for judicial review. *Id.* at 118.

[19] Here, Petitioners acknowledge that our courts have strictly enforced the requirement for timely filing of the record, but maintain that the record "was timely filed in accordance with the timeframe established by the [trial] Court . . . considering [Petitioners'] Petition for the writ of certiorari," which was "effectively a writ of assistance, to obtain the record from the [] Plan Commission." *Appellee's Brief* at 11-12. They urge that when the court "did not deny the writ" and "instead scheduled a hearing on November 8, a date beyond the thirty day window to file the record," the court's action "operated as enlargement of time" for Petitioners to file the record. *Id.* at 8. Petitioners explain that they "belatedly filed a formal Motion for Enlargement of Time to file the record in light of the confusion and uncertainty of the procedural posture engendered by the Court setting the matter for hearing." Our court recently faced and rejected a similar argument in *Bidgood*.

[20] There, on February 28, 2018, the Carmel Board of Zoning Appeals granted a special use zoning permit to the Al-Salam Foundation, Inc. to use property for worship and community gatherings. On March 28, five individuals (Remonstrators) filed a petition for writ of certiorari, judicial review and declaratory judgment, challenging the Board's decision. Under Section 1613, the board record was due thirty days later, or April 27. On April 4, the trial court issued an order requiring the Board "to show cause why a writ of certiorari should not issue" and set the matter for hearing on May 25.

[21] On May 23, the Board filed a response stating that the record had not been filed within the time frame of Section 1613. On May 25, Remonstrators filed a

motion for extension of time to file the record, noting that they had contacted the Board on April 5 regarding the status of the record and, when they heard nothing in reply from the Board, Remonstrators "assumed, rightly or wrongly, that it was taking the Board's staff some time to put the Record of Proceedings together." *Bidgood*, 120 N.E.2d at 1046. On May 29, the trial court granted Remonstrators the requested extension of time to file the board record. The Board filed a motion to dismiss, and Remonstrators' response thereto relied on the trial court's April 4 order that scheduled a hearing for May 25, arguing "[t]he date is tantamount to setting a date for making a Return of Writ and filing the Record of Proceedings." *Id*. at 1047.

[22] On interlocutory appeal, the Board asserted that it was entitled to dismissal because Remonstrators did not file the record or request an extension of time to do so within thirty days of their petition. This court agreed. In its decision, the *Bidgood* court observed that "[p]rior to 2011, a petitioner initiated judicial review of a board of zoning appeals' decision by filing a petition for a writ of certiorari[,]" but effective July 2011,

> the 1600 Series is the exclusive means for seeking judicial review,
> replacing the former certiorari process; the board record or a
> motion for an extension of time must be filed within thirty days
> of the petition; and aside from granting a timely motion for
> extension of time, the trial court may not otherwise alter the
> timeline or retroactively grant an extension.

*Id*. at 1050. This court found that because the petition for judicial review was filed on March 26, the board record or a motion for extension of time was

required to be filed by April 27 but Remonstrators did not request an extension until May 25, which was outside of the thirty-days "and the trial court had no discretion to grant it as it was untimely." *Id*. at 1051. We further found, "[t]o the extent the Remonstrators and the trial court believe the April 4 order set May 25 as the 'further time allowed by the court' for filing the Board record," pursuant to Section 1613(a), "the order was procedurally meaningless for being issued under a repealed statute [and] it was not made in response to a motion for extension of time." *Id*. Therefore, the *Bidgood* court reversed the trial court's denial of the Board's motion to dismiss.

[23] Likewise, here, where Petitioners did not file the board record or ask for an extension to do so within thirty days of filing their Petition for Judicial Review, the trial court should have granted the Plan Commission's motion to dismiss. Although the trial court here found that it "may have unintentionally misled" Petitioners into believing that they had fulfilled the requirements for an extension of time, our court in *Bidgood* determined that a misunderstanding about the effect of setting a hearing does not exempt a petitioner from the bright line rule. *Id.* at 1051; *cf. Olde Canal Place Ass'n*, 61 N.E.3d at 1270 (finding that trial court erred when, under Ind. Trial Rule 60(B)(1), it set aside its previous dismissal of HOA's petition for judicial review based on counsel's mistaken belief concerning preparation of plan commission's record, because party who fails to timely file record cannot establish meritorious claim required by Ind. Trial Rule 60(B)(1)). Although Petitioners note that the board record is now on file, having been filed on or before February 13, 2019, we agree with the Plan

Commission that this "is of no consequence," because Petitioners did not timely file it and, consequently, the trial court cannot consider the petition for judicial review. *Appellant's Reply Brief* at 12.

[24] Accordingly, we reverse the trial court's denial of the Plan Commission's Motion to Dismiss and its grant of an extension of time to file the record.

[25] Judgment reversed.

Brown, J. and Tavitas, J., concur.